# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HEMELA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-01054-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 6)<br><br>ORDER DENYING MISCELLANEOUS MOTION<br>(ECF No. 7) |

Plaintiff Rebio Ronnie Townsend ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened. Currently before the Court are Plaintiff's motion to appoint counsel, filed August 29, 2019, and a miscellaneous motion filed September 11, 2019. (ECF Nos. 6, 7.)

**I.　Motion to Appoint Counsel**

In his motion to appoint counsel, Plaintiff states only that he would like to have a federal public defender. (ECF No. 6.)

Unlike in criminal proceedings where a federal public defender might be appointed, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §

1

1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis*, who are receiving mental health treatment almost daily. These prisoners also must prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**II.     Exhibits**

With his motion to appoint counsel, Plaintiff has also attached various documents which he states are to show what efforts he has already made to prove his case. Plaintiff does not otherwise explain the significance or relevance of the attached documents. (ECF No. 6.)

As explained in the First Informational Order issued on August 2, 2019, the Court will not serve as a repository for the parties' evidence. (ECF No. 3, p. 3.) Evidence, such as prison or medical records and inmate appeals, need not be submitted until it becomes necessary to do so in connection with a motion for summary judgment, trial, or the Court requests otherwise. Further, *pro se* plaintiffs need not attach exhibits to the complaint to prove the truth of what is said in the complaint. For the Court's screening purposes, facts stated in complaints are accepted as true.

### III. Miscellaneous Motion

On September 11, 2019, Plaintiff also filed a document titled "Ex Parte Motion." (ECF No. 7.) In this filing, Plaintiff allegations regarding his forced medication regimen and certain events beginning in February of 2004 up to the present. However, it is unclear what relief Plaintiff is seeking by way of this motion, or what Plaintiff is asking for the Court to do.

To the extent Plaintiff is attempting to correct or add information to his complaint, a miscellaneous motion is not the appropriate method. If Plaintiff wishes to amend his complaint, he may file an amended complaint or motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15.

### IV. Order

Based on the foregoing, Plaintiff's motion to appoint counsel, (ECF No. 6), is HEREBY DENIED and Plaintiff's miscellaneous motion, (ECF No. 7), is DENIED as moot. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **September 13, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE