# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE HEMELA, M.D., et al.,<br><br>Defendants. | Case No. 1:19-cv-01054-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Rebio Ronnie Townsend ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Individuals detained under California Welfare Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff's complaint, filed on August 1, 2019, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

As indicated, Plaintiff is currently housed at Coalinga State Hospital, where the events in the complaint are alleged to have occurred. Plaintiff complains that he is being forced to take psychiatric medication based on an order imposed by the state court and names the following defendants: (1) Dr. Katherine Hemela; (2) Dr. Calvin Dean Kilcrease; and (3) Dr. Simarjit Gill.

In Claim I, Plaintiff alleges as follows:

> Since 2013, I, Petitioner have been ordered by Fresno County Superior Court to take psychiatric psychotropic medication that I don't, in my judgement believe that I need and I've been forced against my free will to take a verity of medication that are, at this current and present time of my life causing me to sleep so deeply I cannot get out of bed to go the rest room to relieve my urinary bladder; I cannot wake on time to get to my [scheduled] groups; I urinate the bed, I puke at times and become dizzy, my abdomen is in constant pain and I'm always constipated and cannot [defecate] when I need to, even certain times when and after I take either prune juice, lactulose (liquid [laxative]), and D.S.S., or [magnesium] citrate; the drug Zyprexa takes effect 30 (thirty) minutes after ingestion and I'm forced to go to bed much earlier than I intend to, and when I refuse I'm faced with the very good and real chance that I'll be forced to take an injection and made to take it by forced. The same things happened in 2005, 2006 and during my [incarceration] at Napa State Hospital; University of California of Davis and also at Atascadero State Hospital. Please, this must not continue and must cease; there's nothing wrong with my thinking, at all.

(ECF No. 1 at 3.) Plaintiff claims that this happens every night and he is forced to take two 20

2

milligram tablets and his bladder is working overtime. He has told Dr. Hemela, but she will not reduce the dosage and will not change the medication.

In Claim II, Plaintiff alleges as follows:

> Doctor Calvin Dean Kilcrease is much the same as Doctor Hemela; She is here on Unit 23 and he is on Unit 28 where I was for 7 months; He placed me on the same medications and the same things happened; I would complain to him about it and then he dropped it by fifteen (15) milligrams, but my symptoms continued. Then on 9-17-2019 I had a QAWI hearing and Fresno County Superior Court Judge Chittock [reinstated] the QAWI order and Doctor Kilcrease upped the [dosage] of Zyprexa (olanzapine) back up to the original dosage of 40 milligrams; and shortly one week after the hearing I was transfer[r]ed from Unit #28 back to Unit #23, where I'd been once before. I've been moved from Unit 22 to Unit 23, then to Unit 27, then to Unit 20, then to Unit 26 and then back to Unit 28, and now I'm back on Unit 23, and on all six of these units it's been the same thing, only different doctors and they say I have a severe mental disorder, but there is no actual evidence of any of this. I'm taking this olanzapine each and every single night; I have seriously severe headaches and this gone on long enough and has got to stope and I'm getting physically sick; and this medication is affecting my thinking and I'm having difficulty remembering practically anything. [¶] I don't need any type of medication to cure something that is not wrong with my thinking. This has to stop, man.

(ECF No. 1 at 4.) Plaintiff asserts that his appetite has disappeared, and he pukes all the time, which has nothing to do with food or drink. He also asserts that his "nerves are shot" and he is "at the end of [his] rope." (Id.) He further claims that no one will listen to him.

In Claim III, Plaintiff alleges as follows:

> Doctor Simarjit Gill had me on olanzapine for the entire six (6) month term that I'd been on Unit 22, and the same symptoms happened as they're happening now. I'd tell him and other in my treatment team; He did the same thing that Doctor Kilcrease and Doctor Hemela have been doing and are still doing: Ignoring me and my pleas and complaints; If they take me off of it they put me on something just as, or much more dangerous.

(Id. at 5.)

As relief, Plaintiff asks that if the medication is not discontinued, then he be provided $500,000 and his release or that Defendants Hemela and Kilcrease be fired, and he be reimbursed $500,000.

**III.    Discussion**

The crux of Plaintiff's complaint is a challenge to state court ordered medication.

"[T]he Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or

3

others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process. Washington v. Harper, 494 U.S. 210, 227–29 (1990).

Plaintiff is a civil detainee held pursuant to the SVPA. The circumstances of his commitment imply that he has no expectation that he will be free from unwanted psychotropic medication. Cal. Welf. & Inst. Code §§ 6600 et seq. (defining a sexually violent predator ("SVP") as someone with a diagnosed mental disorder that makes him a danger to others, requiring the state to treat said mental disorder in a designated secure facility, and authorizing the forcible medication of an unwilling SVP under certain circumstances). Under the framework set forth in Harper, due process permits a state hospital to forcibly medicate an individual who has been shown to pose a threat to those around him. Greene v. Olvera, No. 1:16-cv-01605-LJO-MJS (PC), 2017 WL 68138, at *7 (E.D. Cal. Jan. 5, 2017); Townsend v. King, No. 1:13-cv-01742-GSA-PC, 2014 WL1024009, at *4 (E.D. Cal. Mar. 17, 2014) (citing Jurasek v. Utah State Hosp., 158 F.3d 506, 511 (10th Cir. 1998)). In re Calhoun, 121 Cal.App.4th 1315, 1359 (2004) (holding that under Harper, "the due process clause permits the involuntary medication of competent SVP with antipsychotic drugs in the absence of an emergency, provided that such treatment is in the SVP's medical interest").

Plaintiff admits that he is a subject to court-ordered medication, including the medication Zyprexa (olanzapine). Because Plaintiff has no expectation to be free from treatment under the SVP commitment statute, he fails to state a cognizable claim for violation of his due process rights. See Page v. California, No. 1:06-cv-01409 LJO DLB PC, 2008 WL 3889563, at *4 (E.D. Cal. Aug. 19, 2008), report and recommendation adopted, No. 1:06-cv-01409 LJO DLB PC, 2009 WL 260704 (E.D. Cal. Feb. 4, 2009). In a prior action, Plaintiff was advised that to the extent his involuntary medication was court-ordered, his remedy may be to challenge the order in the court where it was issued. Townsend, 2014 WL 1024009, at *4.

To the extent Plaintiff challenges his designation as an SVP and the treatment he receives thereto, that challenge is not a proper basis for a § 1983 lawsuit. Greene, 2017 WL 68138, at *7. If Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

4

imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Simpson v. Ahlin, No. 1:15-cv-01301-BAM (PC), 2016 WL8731340, at *2 (E.D. Cal. Sept. 16, 2016) (petition for writ of habeas corpus exclusive method for civil detainee to challenge the validity of his continued commitment).

### IV. Conclusion and Order

For the reasons stated, the Court finds that Plaintiff's complaint fails to state a cognizable claim for relief, and he may not seek release from custody in this civil rights action. The deficiencies identified by the Court cannot be cured by the allegation of other facts. The Court therefore finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 24, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE