# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>   Plaintiff,<br><br>   v.<br><br>HEMELA, *et al.*,<br><br>   Defendants. | Case No.  1:19-cv-01054-NONE-BAM (PC)<br><br>ORDER FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS<br><br>(ECF Nos. 21, 26)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Rebio Ronnie Townsend ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is being detained pursuant to California's Mentally Disordered Offender ("MDO") law, California Penal Code §§ 2970, *et seq.*  Individuals detained under the MDO law are considered civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).  This action proceeds against Defendants Hemela, Kilcrease, and Gill for the claim that the manner by which Plaintiff's forced medication has been carried out is in violation of the Fourteenth Amendment.

On May 26, 2020, Defendant Gill filed a motion to dismiss on the ground that Plaintiff has acquired more than three "strikes" under 28 U.S.C. § 1915(g), and cannot plead that he is under imminent danger of serious physical injury.  (ECF Nos. 21–24.)  On July 2, 2020, Defendant Kilcrease filed a motion to dismiss on the same basis, as well as on the grounds that Plaintiff's complaint fails to state a claim for relief, Defendant Kilcrease is entitled to qualified immunity, and the complaint should be dismissed under the doctrine of collateral estoppel or res judicata.  (ECF No. 26.)  Plaintiff's opposition to Defendant Gill's motion to dismiss was due on or before June 19, 2020, and Plaintiff's opposition to Defendant Kilcrease's motion to dismiss

1

was due on or before July 27, 2020.  To date, Plaintiff has not filed an opposition to either motion to dismiss.

On September 1, 2020, Plaintiff submitted a notice of change of address indicating that he had been transferred from Coalinga State Hospital in early August.  (ECF No. 29.)  The notice contains various arguments and allegations that are not relevant to the instant action, and the Court finds no indication that Plaintiff intends to respond to the pending motions to dismiss.  (Id.)  Defendants have not yet had an opportunity to respond to the motion, but the Court finds a response unnecessary.

Upon review of Plaintiff's filing, the Court finds it appropriate to grant Plaintiff **one final opportunity** to file an opposition or statement of non-opposition to Defendants' motions to dismiss.  The Court further finds that Defendants will not be prejudiced by the brief extension granted here.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's opposition or statement of non-opposition to Defendant Gill's motion to dismiss, (ECF Nos. 21–24), is due within **twenty-one (21) days** from the date of service of this order;
2. Plaintiff's opposition or statement of non-opposition to Defendant Kilcrease's motion to dismiss, (ECF No. 26), is due within **twenty-one (21) days** from the date of service of this order;
3. Defendants' replies, if any, shall be filed within **seven (7) days** from the date of filing of Plaintiff's opposition; and
4. **If Plaintiff fails to comply with this order, the Court will consider Defendants' motions to dismiss unopposed.**

IT IS SO ORDERED.

Dated:   **September 3, 2020**              /s/ *Barbara A. McAuliffe*          _
                                                                         UNITED STATES MAGISTRATE JUDGE